*DELEE vs. WATKINS vs. ET AL.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT,
THE JUDGE THEREOF PRESIDING.

The charge of fraud cannot be supported by alleging the neglect of the

officer who sold, in complying with any of the formalities required by law, unless it be shewn that the party charged was cognizant of his non compliance, or knowingly availed himself of it.

On the 24th of October, 1828, Watkins sold to Crawford a lot of ground, and received in part payment, the note of the latter, secured by mortgage. The note was endorsed to the plaintiff, duly protested, and legal notice given. On the 21st August, 1829, the lot was sold to pay the state and parish taxes, and Gordon became the purchaser. The petition charged fraud and collusion between Crawford and Gordon, in causing the lot to be sold, and prayed for judgment against the maker and endorser—That the plaintiffs right of mortgage, as indorsee, might be declared superior to Gordon's title: That the sale to the latter might be cancelled, and the lot sold to satisfy the plaintiffs demand. The defendants pleaded the general issue—there was judgment against the maker and indorser, without recourse upon the lot; the sale of which, to Gordon, was decided to be legal. From this judgment the plaintiff appealed.

*ner*, for appellant, contended:

1st. The judgment is erroneous in not having decreed, that the property mortgaged was liable to be sold to pay the mortgaged debt.—C. C. art. 3360.

2. The sheriff's sale, for tax, is not good as no advertisement is shewn—the recital in the deed not being proof of it against third persons. The seizure was not authorized by law. The property had passed into the possession of a third person before the assessment was made, or the tax became due. If this position is not correct, still the state had no prior lien upon the lot superior to the plaintiff, and if it had, it was not for a sum exceeding eighty-four cents. The Parish having no lien, and if it had, it was only for $1,44, and the levy could not be made but upon a return of no personal property.

*Downs*, for the defendant, *Gordon*, contended,

1st. That even if the plaintiff have a right of mortgage

on the property superior to that under which the lot was sold, yet this does not give him a right to annul the sale to Gordon. The sale of mortgaged property does not affect the mortgagee, but he must pursue the hypothecary action regularly, and cannot pray to have the sale annulled.

2. As an hypothecary action, the plaintiffs demand must fail against Gordon, because he has not pursued that form of action regularly: there being no allegation or affidavit, that demand was made of the debtor thirty days before suit was filed, and that the debt is really due and unpaid.—*C. P. art.* 70—6 *Martin, N. S. Brusard vs. Phillip.*

3. The lot was regularly sold to Gordon under a claim for taxes, which operated a lien superior to all others, and destroyed the lien of plaintiff.—2*d Moreau's Dig. p.* 456, *sec.* 20.

*Martin. J.,* delivered the opinion of the court.

The two first named defendants are sued as maker and endosser of a promissory note, given for the price of a lot, secured by a mortgage on the premises. Gordon, the third defendant, who purchased the lot at a sheriff's sale for taxes, is charged with having combined with the maker of the note, for the purpose of defrauding the plaintiff, and causing the lot to be sold for taxes pretended to be due, when Gordon purchased it for the taxes and costs only, in a sale which is averred to be fraudulent. The petition concludes with a prayer for judgment against the maker and endorser, and that the plaintiff's mortgage may be declared to be superior to Gordon's claim; that the sale of the lot to him may be declared to be fraudulent and void; and that it may be decreed to be sold to satisfy the plaintiff's demand.

The general issue was pleaded : there was judgment against the maker and endorser, and in favour of the other defendant. The plaintiff appealed.

The statement of facts shews, that the signature of the

maker and endorser, the protest and notice, were proven, as well as the mortgage of the lot for the security of the price. The tax list for the year 1828, the lot having been sold in the month of October of that year, was produced, showing the taxes due by the owner of the lot, the then vendor and maker of the note, as well as the sheriff's deed of sale to the last defendant.

Eastern District,
*April* 1831.

DELEE
*vs.*
WATKINS, & AL.

The appellant's counsel has urged that the judgment is erroneous, as it does not decree the sale of the mortgaged premises—*La. Code*, 3360—as the sheriff's sale is not shewn to be good: as proof is not made of any previous advertisements, and the seizure was illegal, as the premises had passed into the hands of a third person, before the assessments or the tax became due. That the sheriff sold for all the taxes due by the owner of the lot, including the parish tax, for which there is no lien; and the lot could not be sold until after a return that no personal property could be found.

The appellee's counsel has urged that, if the plaintiff has a claim superior to the purchaser's, he ought to have exercised it in an hypothecary action; the sale of mortgaged premises, not authorizing the mortgagee to demand that it be cancelled, but only that, notwithstanding it, the premises be sold to satisfy him—that the lien of the State for taxes was superior to the plaintiff's mortgage.—2 *Moreau's Digest*, 456, *sec.* 20.

It does not appear to us that the District Court erred. The rescision of the sale was asked on a charge of fraud, collusion and combination, between the defendants. On this, the burden of the proof, lay upon the plaintiff. Fraud must be proved. Till some evidence, from which it may be held to result be administered, the party against whom it is alleged, cannot be called on to disprove it. Here irregularities, in the sale, on the part of the sheriff, are alleged— these may affect the sale, but do not show any fraud on the part of the defendant. The issue is *fraus vel non*, and can-

The charge of fraud cannot be supported by alleging the neglect of the officer who sold in com-

Eastern District,
*April* 1831.

DELEE
*vs.*
WATKINS, & AL.

plying with any of
the formalities re-
quired by law, un-
less it be shown
that the party char-
ged was cognizant
of his non compli-
ance or knowingly
availed himself of
it.

not be supported by alleging the neglect of the officer in complying with any of the formalities required by law, unless it be shown that the party charged was cognisant of them, or knowingly availed himself of them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.