175 So. 598

DI MARTINO v. CONTINENTAL INS. CO.
OF NEW YORK.

No. 34084.

June 21, 1937.

St. Clair Adams & Son, of New Orleans, for appellant.

George Piazza, Henican & Carriere, and C. Ellis Henican, all of New Orleans, for appellee.

LAND, Justice.

The well-considered opinion of the judge of the civil district court is supported by the evidence in the record and by the law applicable to the issues involved, and is adopted as a whole by this court as its opinion in this case.

"Salvatore di Martino has brought suit against the Continental Insurance Company of New York for $4,000, with penalties and attorney's fees, under a fire insurance policy issued in the name of John di Martino on the premises 2732–34 Urquhart street.

"Salvatore di Martino, a brother of John di Martino, the owner, holds a mortgage against the premises for $5,000, the mortgage being dated May 11, 1927. The fire insurance policy in question was taken out on August 15, 1934, and transferred to Salvatore di Martino with a mortgage clause thereto attached (Louisiana standard form). On January 15, 1935, the premises were destroyed by fire. The property at the time was occupied by a tenant, Sam Segretto, at a rental of $25 per month, who had taken possession about two weeks before the fire.

"The insurance company defends on the ground that petitioner and his brother, John di Martino, conspired together and with other persons unknown to defendant, for the purpose of procuring and causing the destruction of the aforesaid premises by fire, in order to fraudulently collect the insurance.

"The court is satisfied that the fire was the result of incendiarism. It is therefore needless to discuss this line of testimony.

"The court, however, is also equally satisfied that the insurance company has not established or proven a conspiracy between the plaintiff and his brother, John di Martino, or any other persons to have the property destroyed by fire.

"Counsel for the insurance company stresses very strongly the fact that John di Martino, the owner, and Sam Segretto, the tenant, though both were in court under subpoena by the plaintiff, were not placed on the stand. It is argued that the failure to place them on the stand raises the presumption that their testimony would have been prejudicial to plaintiff's contentions.

"Counsel for defendant loses sight of the fact that incendiarism is an affirmative defense and the burden rests upon him to establish same. A conspiracy not having been proved, or even a presumption raised, it was not necessary for the plaintiff to call these witnesses to his defense.

"This, therefore, brings us to the consideration of the evidence to determine if the record shows by a preponderance of the evidence the existence of a motive in the plaintiff to destroy the premises by fire.

"The mortgage for $5,000 was executed on May 11, 1927, and the interest was paid up to May, 1934. The premises were rented at one time for $50 per month, but at the

time of the fire the rental was only $25. The insurance of $4,000 was taken out by the owner on August 15, 1934. Nothing in the record shows that the plaintiff considered the premises overinsured, and the insurance company had full opportunity to investigate for itself. The fact that it continued to carry the policy for $4,000 five months after its issuance is evidence of the fact that it considered the premises were worth that amount.

"The record shows that the plaintiff is a farmer, of good standing in the community, and worth approximately $15,000 to $20,-000.

"Counsel for the insurance company argues that, as the tenant had very little, if anything, of value in the premises when they were destroyed by fire, and as the testimony of John di Martino's wife shows that her husband was insolvent, this evidence negatives the existence of a motive in any person other than the plaintiff. In this argument the court cannot agree. And in all the cases, except one, cited by counsel for the defendant, where the plaintiff was denied a recovery, the plaintiff was the owner and occupant of the premises destroyed. The exception is a decision by the judge of the Fourteenth judicial district court in the case of Officer v. American Insurance Company, 182 La. 1054, 162 So. 771, in which this court cannot concur.

"The best that can be said of the evidence in this case is that it creates merely a suspicion of guilt, which, under the case of Adams v. Liverpool & London & Globe Insurance Company, 5 Orleans App. 301, will not suffice to defeat an action for recovery under the policy. As said in that decision, not only must the inference or presumption by established by the evidence, but this inference or presumption must be strong and almost inevitable, or, in the language of the Code, be 'weighty, precise and consistent.' Rev.Civ.Code, art. 2288.

"There will be judgment in favor of plaintiff and against the defendant in the sum of $4,880, as follows: $4,000 being the amount of the insurance; $480 the 12 per cent. penalty; and $400 attorney's fees; with legal interest from judicial demand on $4,000 until paid; and all costs."

Judgment affirmed.