186 So. 360

Succession of STAFFORD.

No. 35083.

Jan. 10, 1939.

Rehearing Denied Feb. 6, 1939.

Fred. G. Veith, of New Orleans, for appellant.

Rene A. Viosca and Joseph A. McCaleb, both of New Orleans, for appellees.

ROGERS, Justice.

This is an appeal from a judgment sustaining exceptions of non-joinder of parties defendant and of no cause of action. The suit is one attacking the validity of a nuncupative will by public act on the grounds that it was not executed on the date set forth therein; that it was not dictated, written, signed and witnessed as provided by law; and that the testatrix was incompetent to make a will as she was suffering from a mental derangement due to her physical condition from a date prior to July 10, 1924.

Mrs. Katie Markey Stafford died in the City of New Orleans on January 22, 1932. Her succession was opened in the Civil District Court for the Parish of Orleans on February 1, 1932. She left no ascendants nor descendants and her husband had died before her. Decedent left a nuncupative will by public act, dated June 20, 1929. In this will, she made a number of special legacies and instituted as her universal legatee her sister-in-law, Mrs. Rose Stafford, wife of Charles I. Denechaud. She named Charles I. Denechaud executor. On examination of the bank box of the decedent, there was found an olographic will, dated July 10, 1924, in which the decedent made certain special legacies substantially the same as those made in the nuncupative will by public act and in which she also instituted Mrs. Rose S. Denechaud as her universal legatee. This will, without being probated, was filed in the succession proceedings. After the administration of the succession, covering a number of months, in which the special legacies were delivered and the executor's final account was filed, advertised and homologated, the universal legatee was put in possession of the residue of the estate by a judgment of the Civil District Court. On the same day, another judgment was rendered discharging the executor from his trust. Nearly four and a half years thereafter, namely, on Jan-

uary 16, 1937, Mrs. Virginia McCloskey, wife of Abram B. Russ, alleging herself and her brother George McCloskey, who did not join her in the suit, to be second cousins and the nearest of kin of Mrs. Katie Markey Stafford, brought this suit to annul her will. Plaintiff made her brother a defendant in the suit.

The exception of non-joinder of parties defendant is predicated on the failure of the plaintiff to bring before the court as defendants, although they were named in her petition, the special legatees under the will which she attacks.

The exception of no cause of action is based on the proposition that the error in the date, or lack of a date, does not invalidate a nuncupative will; on the failure of the plaintiff to allege in what particulars the will was not dictated, written, signed and witnessed as provided by law; and upon the failure of the plaintiff to allege the insanity or lack of testamentary capacity of the testatrix at the moment of the execution of her will.

 Taking up first the exception of non-joinder, we find that the petition sets forth the names and prays for citation of sixteen special legatees under the will. Plaintiff's suit was filed January 16, 1937. The exception of non-joinder was filed April 1, 1937, and was heard on October 8, 1937. Judgment sustaining the exception was rendered and signed on October 11, 1937. Notwithstanding the suit was filed about nine months and the exception was pending about six months before the case was called for trial on the exception of non-joinder, plaintiff apparently made no

effort whatever to bring the special legatees before the court. Since the annulment of the will would necessarily annul their legacies, these legatees were necessary parties to the suit. Merely naming them in the petition and in the prayer was not sufficient to make them parties. Plaintiff could only bring them before the court by having them served with citations and copies of the petition, which plaintiff failed to do. The exception of non-joinder was properly maintained.

 Taking up next the exception of no cause of action, we find that one of the causes of the alleged invalidity of the decedent's will is that it was not dictated, written, signed and witnessed as provided by law. The allegation is not that the will was not dictated, written, signed and witnessed at all, but that those things were not done "as provided by law." The allegation is nothing more than a statement of the conclusion of the pleader that such was the case. There is not a single fact alleged in the petition showing in what manner or in what particular the law was not followed in the dictating, writing, signing and witnessing of the will. A cause of action can not be set forth by stating merely the pleader's conclusions of law, but the facts must be stated from which such conclusions of law are drawn.

 Another cause of the alleged invalidity of the decedent's will is that she was incompetent to make a will because she was suffering and had been suffering from a mental derangement due to her physical condition from a date prior to July 10, 1924, which is the date of her olographic

will. These allegations will not suffice to show that the testatrix was mentally incompetent to make a will either on June 20, 1929, which, according to its terms, was the date on which the will was dictated, or on June 20, 1930, which, according to the allegations of the petition, was the date on which the will was actually executed.

■ Testamentary capacity is presumed, and the person attacking the will has the burden of alleging and proving lack of such capacity when the will was executed.

In Kingsbury v. Whitaker, 32 La.Ann. 1055, 1067, 36 Am.Rep. 278, this court said:

"The real question is, whether the brain or other physical organ, whatever it may be, which is the medium through which the action of the mind is manifested, is so diseased or impaired as to make it an untrustworthy vehicle for the conveyance of the true wish or will of the testator, unbiased by any delusion which may be the result of such disease. The law fixes the time for the application of this test, at the moment when the will is made, and expressly recognizes the capacity of persons, subject at times even to complete dementia, to make a will in lucid intervals."

The Kingsbury v. Whitaker Case is affirmed in Wood v. Salter, 118 La. 695, 43 So. 281, and Succession of Lambert, 185 La. 416, 169 So. 453. See, also, to the same effect, Succession of Mithoff, 168 La. 624, 122 So. 886; Rostrop v. Succession of Spicer, 183 La. 1087, 165 So. 307: Succession of Edgar, 184 La. 775, 167 So. 438.

■ Since an insane person may make a valid will during a lucid interval and since testamentary capacity is always presumed, a petition which does not allege insanity at the time the will was executed does not allege a cause of action.

■ A further cause of the alleged invalidity of the will is that it was not executed during the month of June, 1929, but was executed during the month of June, 1930. Plaintiff's argument in support of this allegation consists merely in the statement that the allegation must be taken as true for the purpose of the exception and that it is equivalent to saying that the will was not executed in compliance with law, and not being a legal will, it must be stricken with nullity, and the benefits running from an illegal will must be restored. Whether the will was executed on June 20, 1929, or on June 20, 1930, is immaterial. There is no allegation in the petition that the testatrix was insane, or that she lacked mental capacity on either of those dates.

For the reasons assigned, the judgment herein appealed from is affirmed.