65 So.2d 384 (1953)
McGEE et al.
v.
FINLEY et al.
No. 7948.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1953.
*385 Harvey G. Fields, Farmerville, for appellants.
J. R. Dawkins, Farmerville, for appellees.
GLADNEY, Judge.
Plaintiffs are the sister and brother of Norman M. McGee, who died in December, 1948, intestate, leaving no ascendants nor descendants, but only plaintiffs and another brother, not made a party hereto, as his heirs at law. This action has for its object the pronouncement of the nullity of two acts of sale, whereby Norman McGee transferred the Southeast Quarter of the Northeast Quarter (SE¼ of NE¼), Section Ten (10), Township Twenty North (20 N), Range One East (1 E), Union Parish, Louisiana, to Norris Finley and further the suit attempts to avoid the subsequent transfer of said property on November 20, 1950, to Austin A. Andrews.
After trial, plaintiffs' demands were rejected and they have appealed from the adverse judgment.
Subsequent to the death of Norman McGee plaintiffs caused to be recorded in the mortgage records of Union Parish an affidavit dated March 17, 1949, declaring the above referred to deeds to be null because, it is alleged, at the time of their execution and years before Norman McGee was notoriously insane to the knowledge of Norris Finley, who paid no consideration for the property.
Litigation commenced over the property when Austin A. Andrews filed a slander of title suit against these two plaintiffs and Sidney McGee which suit was tried, resulting in judgment on April 16, 1951, in favor of Andrews, maintaining his possession and condemning the defendants therein to file such action as they desired to claim title to said property within sixty days from April 16, 1951, or that they forever thereafter be barred from exerting any title or claim to said property. Endeavoring to comply with this order, plaintiffs filed this suit on June 18, 1951. Pleas of estoppel and exceptions of no cause and no right of action were submitted to the trial court and the exceptions of no cause and no right of action were sustained by our brother below because plaintiffs' suit was not filed within sixty days from April 16, 1951. The plea of estoppel does not appear from the record to have been passed upon. From the judgment of dismissal an appeal was then taken to this court. We were of the opinion the exceptions should have been overruled, and remanded it for further proceedings, and with leave to amend. See McGee v. Finley, La.App., 59 So.2d 246.
When reinstated on the docket of the trial court the original petition was amended. Defendants again filed exceptions of no cause and right of action but as these were not passed on by the judge a quo and have not been urged before this court by argument or brief, are considered as abandoned. Following a trial of the merits the demands of plaintiffs were rejected and their suit dismissed.
We observe that in an application for rehearing the following errors were assigned:
"1. That the judgment rendered herein is contrary to the law and the evidence;
"2. That the court erred in excluding testimony that Norman McGee, deceased, was of unsound mind and practically reduced the evidence in the case to that extent that the plaintiffs had no chance to present one of the main and vital points in that case;
"3. That the court erred in excluding testimony to show that no consideration was paid for the deed alleged to have been made *386 between Norris Finley and Austin Andrews, one of the defendants herein;
"4. That the court erred in excluding testimony and committed the same errors that had been made in former cases where the same parties were involved and where the case was remanded back for the purpose of a greater, a wider and a better trial of the case than had previously been had, and that Your Honorable Court barred these plaintiffs from having a lawful trial in accordance with the bill of Rights and the Statutes and they were deprived of their rights of due and proper process of law."
The deeds in question conveying the land to Finley were both executed before a Notary Public and were signed by the parties in the presence of two subscribing witnesses with the formality of an authentic act. Both instruments were recorded in the conveyance records of the parish wherein the land is situated. Each deed contains the following provisions:
"This sale is made for the consideration of the sum of $100.00 and other considerations as hereinabove set forth, cash in hand paid, the receipt of which is hereby acknowledged."
Above this recital there appears the following provision:
"It is agreed by both parties hereto that the grantor reserves unto himself unto himself and is to have the usufruct of the above described property for as long a period of time as he shall live, such being a part of the consideration and the controlling condition hereof."
The grounds of attack upon the Finley deeds are predicated on allegations of the petition which charge that Norman McGee was an aged, demented and uneducated Negro, eighty years of age; that he was mentally incompetent and incapable of understanding the nature of a deed and a transfer of title, and would never have known what his rights of usufruct were; that Norris Finley knew of his condition and used artifice, fraud and trickery to induce him to sign said deed; that he got no cash whatsoever; that Austin A. Andrews paid no cash for said deed and well knew the condition of Norman McGee whose ignorance and unsoundness of mind were known by white and colored citizens within a radius of ten miles for years.
By way of answer to plaintiff's original and the supplemental and amended petition, respondents admitted the death of Norman McGee, and denied that any artifice, fraud or misrepresentation was made by Finley to Norman McGee in connection with said deed, averring that the deed was made freely and for the considerations therein expressed. It was admitted that Norris Finley sold the above described property to Andrews for a consideration of $1,000, which was actually paid and it is alleged that Andrews is the bona fide purchaser and owner of said land. Respondents further set forth that no petition of interdiction of Norman McGee was ever filed and accordingly, respondents pray for the rejection of plaintiffs' demands and that Austin A. Andrews be recognized to be the owner of the property in question.
As a result of a pre-trial conference, it was stipulated between the parties that the property was originally community property between Norman McGee and his wife, Mary McGee, and that Mary McGee died first, leaving no children or parents; that at the time of the execution of the deeds by Norman McGee, the succession of Mary McGee had not been opened; that Norman McGee died in the latter part of December, 1948, or first part of January, 1949; that on March 17, 1949, plaintiffs executed an affidavit and placed it of record in conveyance book No. 150, page 198; and it was further agreed that during the years 1946 and 1947 Austin A. Andrews lived within three and one-half miles of the residence of Norman M. McGee and that within a year prior to the death of Norman M. McGee, Shelby Finley moved into the house and lived with Norman M. McGee. All of said stipulations were made subject to the objections, exceptions and pleadings filed by either party.
From the foregoing we observe that the issues for resolution herein are:
Whether the trial court was in error in sustaining an objection as to the admissibility of parol evidence relating to the insanity of Norman M. McGee; whether or not the allegations of plaintiffs' petition *387 pertaining to fraud are sufficient to permit parol evidence for the purpose of contradicting recitals of the deeds in question; and, whether the deed between Norman M. McGee and Finley should be decreed null through nonpayment of any consideration.
When plaintiffs' counsel proceeded to take testimony in the case and sought to produce witnesses for the purpose of showing that at the time Norman M. McGee executed said deed and for a period of ten years prior thereto he was of unsound mind, the evidence sought to be adduced was objected to on the ground that Norman M. McGee was never pronounced insane nor were any proceedings instituted to have him interdicted to meet the requirements set out in Articles 403 and 1788, subsections 5 and 6 of the LSA Civil Code of Louisiana, and that the issue of insanity to void the deeds could not now be raised. The court sustained the objection so made and we think the ruling was correct. This issue was presented in Wooley v. Louisiana Central Lumber Company, 204 La. 801, 16 So.2d 360, wherein it was said:
"It is alleged in the plaintiffs' petition that the sale from Lizzie M. Wooley to the Standard Lumber and Timber Company and the subsequent transfers should be set aside for the reason that Lizzie M. Wooley was notoriously insane at the time the sale was made and several years prior thereto.
"Article 403 of the Revised Civil Code provides: `After the death of a person, the validity of acts done by him can not be contested for cause of insanity, unless his interdiction was pronounced or petitioned for previous to the death of such person, except in cases in which the mental alienation manifested itself within ten days previous to the decease, or in which the proof of the want of reason results from the act itself which is contested.'
"In Article 1788 of the Revised Civil Code it is provided:
"`The contract, entered into by a person of insane mind, is void as to him for the want of that consent, which none but persons in possession of their mental faculties can give. It is not the judgment of interdiction, therefore, that creates the incapacity; it is evidence only of its existence, but it is conclusive evidence, and from these principles result the following rules: * * *
"`5. That if the party die within thirty days after making the act or contract, the insanity may be shown by evidence, without having applied for the interdiction; but if more than that time elapse, the insanity can not be shown to invalidate the act or contract, unless the interdiction shall have been applied for, except in the case provided for in the following rule.
"`6. That if an instrument or other act of a person deceased shall contain in itself evidence of insanity in the party, then it shall be declared void, although more than thirty days have elapsed between the time of making the act and the death of the party, and although no petition shall have been presented for his interdiction.'
"There is no allegation in the petition that any interdiction was ever applied for or any proceeding instituted to determine the mental capacity of Lizzie M. Wooley during her lifetime. This suit is brought long after her death.
"Under the above two articles of the Revised Civil Code, the plaintiffs could not attack the deed since they have failed to allege that the interdiction was pronounced or petitioned for previous to the death of Lizzie M. Wooley. See, also, Succession of Dahm, 167 La. 705, 120 So. 58."
The record reflects that no attempt was made to establish proof that Norman McGee was ever pronounced insane or that interdiction proceedings were ever commenced. The deeds which he signed were executed a considerable time prior to this death and nothing upon the face of any of the instruments suggests McGee was of unsound mind. It is clear therefore, evidence of insanity as proposed in this instance is precluded under our Civil Code and was properly held to be inadmissible.
*388 When counsel offered parol evidence for the purpose of establishing that no consideration was paid by Finley to McGee for the property conveyed, the offering was objected to on the ground that sufficient foundation had not been established for the purpose of presenting parol testimony to contradict the terms of the deed, an authentic act, in which a consideration was stated and the receipt of which was therein acknowledged, it being argued that the allegations of fraud contained in the petition were simply conclusions of law and no primary facts to establish fraud on the part of Finley were alleged.
It has been repeatedly held by our courts that a vendor's acknowledgment in an authentic act of sale that he received a stipulated sum in cash as consideration of the transfer is conclusive as to him unless he alleges and can prove that his consent and his signature to the act were procured by fraud, error or force. See Templet v. Babbitt, 1941, 198 La. 810, 5 So.2d 13. Parties to authentic acts may, even in the absence of fraud and error, assail the verity of the recitals of the deed, either by a counter letter or through answers of the other parties to interrogatories on facts and articles which have the same force and effect as a counter letter. Article 2239, LSA-Civil Code. See also: Newman v. M. Shelly, 1884, 36 La.Ann. 100; Crozier v. Ragan, 1886, 38 La.Ann. 154; Godwin v. Neusladtl, 1890, 42 La.Ann. 735, 7 So. 744; Franklin v. Sewall, 1903, 110 La. 292, 34 So. 448; Templet v. Babbitt, 1941, 198 La. 810, 5 So.2d 13; Jones v. Jones, 214 La. 50, 36 So.2d 635.
In the concurring opinion of O'Niell, C. J., in Chachere v. Superior Oil Company, 1939, 192 La. 193, 195, 187 So. 321, 322, 323, the view also was expressed that a forced heir could sue to annul a simulated sale made by his ancestors from whom he inherited and proof thereof could be made by parol evidence, the opinion being based on Article 2239 of the LSA-Civil Code, which provides:
"Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate [legitime]."
But, in the instant case plaintiffs are not forced heirs nor can they rely upon a counter letter or interrogatories on facts and articles for the purpose of contradicting the recitals of the authentic act. They are relegated to the production of evidence to show that the signature of Norman McGee was obtained by some manner of artifice or fraud. As a prerequisite to the introduction of parol evidence for this purpose it is fundamental that allegations of fraud must be alleged in the petition and that such allegations must consist of primary facts and not mere conclusions. The allegations in a petition should consist of matters of fact and not opinions or conclusions of law. Chachere v. Moses George & Son, La.App.1936, 165 So. 522; Central Savings Bank & Trust Co. v. Succession of Brandon, La.App.1936, 167 So. 515; Succession of Stafford, 1939, 191 La. 855, 186 So. 360; Dilworth v. Hebert, La.App.1942, 7 So.2d 626; In re Phoenix Building & Homestead Association, 203 La. 565, 14 So.2d 447; LeBlanc v. Danciger Oil & Refining Company, 218 La. 463, 49 So.2d 855.
In Brenard Manufacturing Company v. Gibbs, 1928, 9 La.App. 137, 141, 119 So. 483, 485, Judge Odom made the following observation:
"The defendant, in answer, sets up that the notes and the contracts were obtained by fraud, and that they are therefore without consideration and are of no effect.
"But he failed to plead or testify to any act on the part of the agent representing the plaintiff which discloses fraud.
"An allegation of fraud by the pleader is but a conclusion reached by him. In setting forth the facts on which he based the allegation of fraud, the defendant alleged, in answer, that the plaintiff's agent stated to him an experienced salesman would be sent in the *389 territory to sell the talking machines, and that such salesman did not appear. He does not charge that the agent concealed or suppressed any material fact, or that he made any misrepresentation with reference to the kind or quality of the goods in order to induce him to sign the notes and contract."
Fraud and bad faith are never imputed, except on legal and convincing evidence produced by the one alleging it. See: Strauss v. Insurance Company of North America, 157 La. 661, 102 So. 861; Garnier v. Aetna Insurance Company of Hartford, Connecticut, 181 La. 426, 159 So. 705; Blanchard v. Kemp, La.App.1951, 51 So.2d 639, 641.
In State ex rel. Woodard v. Ozley, 203 La. 579, 14 So.2d 452, 455, it was declared:
"It is well settled in our basic law, as well as our jurisprudence, that he who alleges fraud must prove it. Article 1848 of the Revised Civil Code; Fort & Wife v. Metayer, 10 Bart., O.S., 436; Delee v. Watkins, 2 La. 306; Yeager Milling Co. v. Lawler, 39 La.Ann. 572, 2 So. 398; Mendelsohn v. Armstrong, 52 La.Ann. 1300, 27 So. 735; Valesi v. Mutual Life Ins. Co. of New York, 151 La. 405, 91 So. 818; Strauss v. Insurance Co. of North America, 157 La. 661, 102 So. 861; Garnier v. Aetna Insurance Co. of Hartford, Conn., 181 La. 426, 159 So. 705; and Keller v. Summers, 192 La. 103, 187 So. 69. The facts from which an inference or presumption is drawn must not only be established in evidence, but the inference or presumption to which the proven facts give rise must be strong and almost inevitable. Adams v. Liverpool & London & Globe Ins. Co., 5 Orleans App. 301, quoted with approval by this court in the case of Di Martino v. Continental Ins. Co. of New York, 187 La. 855, 175 So. 598."
Careful review of the record does not show on any occasion during trial of the case evidence was offered for the purpose of disclosing what fraud or artifice, if any, was practiced. Effort of plaintiffs' counsel seems to have had for its only purpose proof that Norman McGee was of unsound mind at the time of execution of the deeds in question and that he was never paid any consideration therefor.
The judge a quo being of the opinion the allegations of fraud were mere legal conclusions excluded testimony to contradict what was contained in the authentic act. We have reviewed the petitions, original and supplemental, and are constrained to agree that there has not been alleged any factual statements to indicate fraud and artifice were practiced upon Norman McGee to induce his signature. Fraud, such as gives rise to an action to nullify the contract, must be the cause of an error bearing on a material part of the contract. It is created or continued by artifice, with the object of securing an unjust advantage, or loss of inconvenience to the other party. It is characterized by an assertion of what is false, or a suppression of what is true. Article 1847, LSA-Civil Code. The record of the trial shows no effort was made to prove actual misconduct but evidence was tendered solely for the purpose of establishing the unsound mind of Norman McGee and that no consideration was paid for the property.
In the case of Jefferson v. Childers, 189 La. 46, 179 So. 30, it is true the court annulled the act of sale on the ground that the vendee failed to pay the purchase price as recited in the instrument. But there no objection was raised to the admission of parol evidence to contradict the contents of the deed. See Johnson v. Johnson, 191 La. 408, 189 So. 299, wherein this distinction was noted.
Upon the record as presented, we are of the opinion the exclusion of evidence relating to nonpayment of consideration finds legal justification in the authorities referred to herein, since fraud as a basis for contradicting the recitals of the deeds was neither properly alleged nor was any proof of improper influence tendered upon trial.
It is our opinion, therefore, there is no error in the judgment from which appealed and accordingly, it is affirmed. Therefore, it is ordered, adjudged and decreed that there be judgment herein in favor of the *390 defendants, Norris Finley and Austin A. Andrews, and against the plaintiffs, Manuel McGee and Lizzie McGee Mitchell, and against the defendant, Sidney McGee, rejecting the demands of the plaintiffs at their own costs; and that there be judgment herein in favor of the defendants, Norris Finley and Austin A. Andrews, recognizing and decreeing Austin A. Andrews to be the legal owner of the following described property located in Union Parish, Louisiana, to-wit:
SE¼ of NE¼, Section 10, Township 20 North, Range 1 East, containing 40 acres, more or less, together with all of the improvements situated thereon and thereto belonging, free and clear of all claim by Manuel McGee, Lizzie McGee Mitchell and Sidney McGee.
Plaintiffs are taxed with all costs, including cost of this appeal.