JONES, Judge.
This is an appeal by the plaintiff from a judgment dismissing his suit in the District Court on an exception of no cause of action. The petition reflects that recovery is sought in tort for damages allegedly sustained by plaintiff from his contracting tuberculosis while acting in the course of his employment with the defendant company.[1]
The pertinent provisions of the petition for the purpose of consideration of the exception are Articles 2 through 6, which
"2.
"Petitioner, while employed for defendant as a mechanic's helper and pipe fitter's helper contracted, tuberculosis as a result of the gross negligence and imprudence of defendant in compelling petitioner to work in and around gases, acids, chemicals, dust *651 and power for long periods of time each day without providing said petitioner with any equipment or safety devices.
“3.
“More specifically, petitioner alleges that his work aforedescribed required that he come in contact with and inhale the following substances such as ise-prime, diatherne, caustit, phenorne, propane, airomatic oil, catalyst, amo-nia, alcohol, crude oil, flare gas, caustic soda, dust and alabaster powder, and as a result thereof he was caused to contract pulmonary tuberculosis.
“4.
“Petitioner alleges that defendant was well aware of the dangers in requiring petitioner to work in and around the aforedescribed substances, but notwithstanding this fact failed to apprise petitioner of the dangers involved and faid to provide petitioner with necessary equipment or safety devices to combat the dangers involved.
“5.
“Petitioner alleges that in the early part of March, 1959 defendant’s company physican examined petitioner and made chest X-rays which showed evidence of minimum infiltration at the apex of the left lung within the circle of the first rib; notwithstanding this evidence of a tubercular condition, defendant failed to advise petitioner of the condition and on the contrary advised petitioner that he was in good physical condition, that defendant thereupon advised petitioner that he was being laid off because of his lack of education, etc., notwithstanding the fact that petitioner had for a long time been in the employ of defendant.
“6.
“Petitioner specifically itemizes the acts of negligence of the said defendant which caused or contributed to the accident and injuries in question, specifically, but not exclusively as follows:
“1. Requiring petitioner to work long hours each day in and around the aforedescribed substances without advising him of the dangers in inhaling such substances;
“2. Failure to provide petitioner with masks or other equipment or safety devices;
“3. Failure to provide petitioner with a safe place in which to work;
“4. Failure to provide petitioner with necessary and proper medical attention;
“5. Failure to take steps or precautions to properly ventilate the areas in which petitioner was forced to work so as to avoid petitioner’s having to inhale the aforementioned substances ;
“6. Failure of defendant, its agents, servants or employees in advising petitioner of the lung condition which was apparent on x-rays taken March 10, 1959 and, further, in failing to give immediate treatment or care to petitioner to counteract said condition;
“7. In otherwise failing to do what it should have done or in doing what it should not have done in order to prevent petitioner’s contracting tuberculosis.”
Defendant filed an exception of no cause of action predicated on the ground that this petition failed to allege facts to show actionable negligence on the part of defendant and, in the alternative, excepted on the ground that the facts alleged show an assumption of risk by the petitioner, and, in the further alternative, that the facts alleged show contributory negligence on the part of petitioner.
The District Judge dismissed the action for failure of the petition to set forth a *652 cause of action and in his written reasons stated:
“A review of this petition discloses that plaintiff has alleged the conclusion that he contracted tuberculosis while employed by the defendant but nowhere in his petition are specific acts of negligence alleged to support such a conclusion.
“It is my opinion that the petition fails to disclose a cause of action against defendant, and accordingly, * * * ”
Having dismissed the suit on the exception of no cause of action on the grounds above stated, the District Judge did not pass on the alternative pleas of defendant.
The petition alleges that petitioner, while employed by defendant as a mechanic’s helper’ and pipe fitter’s helper, contracted tuberculosis as a result of the gross negligence and imprudence of defendant in compelling plaintiff to work in and around gases, acids, chemicals, dust and powder for long periods of time without furnishing the plaintiff with any equipment or safety devices and plaintiff was required to come in contact with and inhaled these noxious substances; that the defendant failed to properly ventilate the areas in which plaintiff was required to work so as to prevent his having to inhale said noxious substances; that defendant was aware of the dangers involved and, notwithstanding this, failed to apprise the petitioner of said dangers.
In construing this petition, it is well to bear in mind that technical objections and hard rules of pleadings are not favored under our system of law and that the general tendency is to be reasonable, and even liberal, in interpreting pleadings with a view to hearing the case on the merits providing the petition fairly informs the defendant of the nature of plaintiff’s claim. Gomez v. Pope Park, La.App., Orleans, 1952, 56 So.2d 229. It is true where a petition does not set forth any facts but simply conclusions of the pleader it fails to state a cause of action. Succession of Stafford, 191 La. 855, 186 So. 360. Further, a plaintiff is not required to set forth the details of the proof or of the evidence which he relies on to support his case. Neilson v. Haas, La.App., 199 So. 202; Honeycutt v. Carver, La.App., 25 So.2d 99. The only allegations of fact that are required in a petition are those of ultimate facts which are the conclusions drawn from the evidentiary facts. State v. Hackley, Hume and Joyce, 124 La. 854, 50 So. 772.
In view of the above-cited authorities, we are of the opinion the petition herein sets forth a cause of action. The fact that the petition alleges the employment of the plaintiff by the defendant presents a prima facie case of an element of duty owed by said defendant to the plaintiff. The various acts of omission, such as failure to provide masks and safety devices, which, it is alleged, resulted in plaintiff’s inhaling the noxious fumes while working for the defendant, if proved, could certainly amount to a breach of the duty owed by the defendant to the plaintiff. It is set forth that plaintiff contracted tuberculosis as a result of said acts of omission and commission on the part of the defendant and, further, that the inhaling of the various substances was dangerous to the knowledge of the defendant and not the knowledge of the plaintiff. This knowledge, of course, was obtained by defendant as alleged in the petition as a result of an examination by defendant’s doctor, who, it is alleged, found that plaintiff was suffering from tuberculosis but the true facts of plaintiff’s condition were withheld from him and he was subsequently fired and told he was being laid off because of his lack of education. While it might be concluded that the petition is somewhat inartfully drawn and there might be some doubt as to the right of the plaintiff to recover, such doubt should be resolved in favor of the sufficiency of the *653 petition and unless the petition discloses a lack of a cause of action the exception should he overruled, Lusco v. McNeese, La.App., 86 So.2d 226.
Plaintiff in this suit relies on the case of Faulkner v. Milner-Fuller, La.App., 154 So. 507, as authority for the proposition that the allegations of his petition set forth a cause of action. Defendant, on the other hand, sets forth that this cited case shows a lack of sufficiency of the plaintiff’s petition to set forth a cause of action. The plaintiff in the Faulkner case sued his employer for compensation alleging injuries sustained as a result of his having been caused to inhale paint fumes and, in the alternative, he sued in tort. The court held that the occupational disease was not com-pensable under the Workmen’s Compensation Act but overruled an exception of no cause of action to the alternative demand in tort. The petition in the Faulkner case is indeed similar to the one presently before this court and the only substantial difference is that, in Faulkner, it was alleged it was not only customary for employers to provide their employees, engaged in applying said liquids, with gas masks to protect them from the dangers of inhaling said fumes, but that it was their duty to do so. It is not alleged in the present petition that it was customary for employers to furnish employees with gas masks but it is alleged that it is their duty to do so. Further, in the Faulkner case, specific dates were alleged as well as an allegation that an immediate report of the conditions was made to the employer. These matters addressed themselves to the vagueness of the petition and if the plaintiff in the present suit failed to specifically allege these details, a request should have been made of the District Court by defendant for additional information.
We are accordingly of the opinion, for the reasons above stated, that the petition in this case sets forth a cause of action as sufficient facts are alleged therein to fairly inform the defendant of the nature of plaintiff’s demand.
Defendant, in the alternative, urges that the petition on its face shows an assumption of risk by the petitioner. It is contended that the plaintiff has alleged he worked around said gases and acids for long periods of time every day; it is further alleged that he had been in the employ of defendant for a long period of time and, hence, since he had been long acquainted with the working conditions, he must be held to have assumed any risk attached thereto. This reasoning seems to be unsound for even though plaintiff did allege he worked around these conditions for a long period of time, it is further alleged that he had no knowledge of the danger of contracting tuberculosis from inhaling the fumes for it is stated that he found this out as a result of the examination by defendant’s doctor at which time his employment was terminated. It is, of course, the general rule of law that a servant assumes all of the risks of his employment but he does not assume the risks of an extraordinary character nor those arising from the master’s own negligence unless they be obvious or patent, or of which the employee has knowledge. Weadock v. Eagle Indemnity Co., La.App., 15 So.2d 132. It is the duty of the employer to provide a safe place for an employee to work and the latter does not assume the risk occasioned by the failure of the employer to perform such duty unless said employee has actual or constructive knowledge of the dereliction of duty and the perils arising therefrom and continues in the employment without protest. A fair appraisal of the petition in this case shows the plaintiff had no knowledge of the dangerous condition and it is alleged the employer did have such knowledge.
Accordingly, we are of the opinion that the plea of assumption of risk, by means of an exception, is not available to defendant. Assumption of risk is primarily an affirma *654 tive defense and addresses itself to the merits of the case.
 A further alternative plea is that the allegations of the petition show contributory negligence on the part of the plaintiff. We note that counsel for defendant has cited in brief Section 253 of American Jurisprudence, Master and Servant (35 American Jurisprudence 253) to the following effect:
“On the other hand, if it is to be concluded from the evidence that he did have knowledge of the dangerous condition or instrumentality, he is held to have been responsible for the occurrence — to be guilty of contributory negligence — and to be barred from recovery.”
In the first place, the above-quoted language indicates the rule is applicable only after a trial on the merits but, be that as it may, there is no allegation in this petition that this plaintiff had knowledge of the dangerous condition. Rather, the petition shows that he had no1 knowledge thereof. Further than this, contributory negligence is an affirmative defense and, even though allegations might be made in a petition which inferentially disclose contributory negligence, the exception should not be maintained unless the allegations exclude every reasonable hypothesis other than that the sole and proximate cause of the accident was due to the contributing fault of the plaintiff. This was the rule announced in Burmaster v. Texas Pacific-Missouri Pacific Terminal Railroad, La.App., 174 So. 135, which has been consistently followed in the jurisprudence of this state.
Accordingly, for the reasons above set forth, the exceptions are overruled and the judgment of the District Court is reversed. Defendant-appellee is to pay the costs of this appeal.
Reversed.
HERGET, J., recused.

. LSA-R.S. 23:1031.1 authorizes an award of compensatio~i for certain designated occupational diseases, but tuberculosis is excluded unless contracted during the course of employment by an employee of a hospital or unit thereof specializing in the care and treatment of tuberculosis patients.