MILLER, Judge pro tern.
Road Equipment Company, Inc., as the holder and owner of a promissory note and chattel mortgage executed by Emmett Prestenback, doing business as Prestco Construction Company, filed suit to foreclose the mortgage via executory process. Shortly after the seizure of the mortgaged Link-Belt Truck Crane by the Sheriff of the Parish of Terrebonne, in accordance with the writ of seizure, Emmett Prestenback filed this suit seeking to permanently enjoin and restrain the defendant Road Equipment Company, Inc., from proceeding with the seizure and sale, and obtained a temporary restraining order, preventing the sale. Defendant filed a Rule to Dissolve the Temporary Restraining Order, an Exception of No Cause and No Right of Action, an Exception of Vagueness and an Answer.
After oral argument on the rule and exceptions and without hearing any evidence, the trial court dissolved the temporary restraining order and awarded Road Equipment Company, Inc. $400.00 as damages sustained by defendant as a result of plaintiff having improvidently obtained the temporary restraining order. Plaintiff timely perfected this devolutive appeal.
Plaintiff made the following allegations in his petition:
“The petition of Emmett Presten-back, a resident of the Parish of Terre-bonne, Louisiana, with respect represents :
“1.
“That petitioner is engaged in the contracting business in the Parish of Terrebonne under the trade name, PRESTCO CONSTRUCTION COMPANY.
“2.
“That in the ordinary course of business, your petitioner purchased from ROAD EQUIPMENT COMPANY, INC., a Louisiana Corporation, *133 domiciled in Jefferson Parish, Louisiana, one (1) Model HC-58B, Link-Belt Speeder Crane powered by a Waukesha 19SGK gasoline engine in Crane and International B.D. 388 gasoline engine in truck, Speed-O-Matic Power Hydraulic controls, Independent Rapid Boomhoist, One (1) five (S') foot boom extension with extender cables, one (1) ten (10') foot boom extension with extender cables and outriggers. Serial Number 6ABH1078, Engine Number 1111846, Engine Model: 195 GK, Truck Serial Number: 1364HD-5792, Truck Engine Number: 191512.
“3.
“Prior to execution of the sale, mortgage and note, petitioner mentioned to ROAD EQUIPMENT COMPANY, INC., through its President, Mr. Walter H. Cory, and its salesman, a Mr. Fox, that he did not know whether he could pay the large monthly installments, the sum of $859.73, and he would rather not commit himself to meet this sum each month.
“4.
“Mr. Walter H. Cory assured petitioner that, ‘If you cannot make it, let me know, and we will take it back and use it as a demonstrator model.’
“5.
“That your petitioner in his conversation with Mr. Walter H. Cory, prior to execution of the sale, mortgage and note, specifically stated that he did not want to do business with any finance company, and that he wanted to make any and all payments only to ROAD EQUIPMENT COMPANY, INC., notwithstanding, ROAD EQUIPMENT COMPANY, INC. negotiated the note herein to Inland Credit Corporation of 11 West 42nd Street, New York 36, New York.
“6.
“That your petitioner protested tO' ROAD EQUIPMENT COMPANY, INC., through Mr. Walter H. Cory about the negotiation of the note to Inland Credit Corporation and petitioner was told that ‘It would be ham-died’, which was never done to petitioner’s knowledge.
“7.
“That your petitioner has offered to return the merchandise purchased by delivering same to ROAD EQUIPMENT COMPANY, INC., at any location they may direct and in accordance with the agreement made on several instances but your petitioner was never allowed to return same.
“8.
“That on June 15, 1961, in Proceedings No. 21011 of the Seventeenth Judicial District Court, Parish of Ter-rebonne, State of Louisiana, defendant herein filed a suit for Executory process wherein the equipment hereinabove described was seized by the Terrebonne Parish Sheriff’s Office and after advertisement the said equipment to be sold for cash with appraisement.
“9.
“That if ROAD EQUIPMENT COMPANY, INC., and the Sheriff of Terrebonne Parish are allowed to proceed with the sale of the above described property, petitioner will suffer irreparable injury and damage.
“10.
“In order to protect petitioner’s rights herein, it is necessary that this Court permanently restrain and enjoin the defendants from proceeding with the instant sale; petitioner fears that during the pendency of these proceedings the defendants will proceed with said *134 sale, and therefore it- is necessary that this Court issue a preliminary writ of injunction in order to protect petitioner’s rights herein.
“11.
“Due to the fact that the sale of the subject property may be very shortly, before notice can be served and a hearing had on petitioner’s application for a preliminary injunction and that immediate and irreparable injury, loss and damage would result thereby, and in order to protect petitioner’s rights properly, it is necessary that a temporary restraining order in the form and substance of the permanent injunction, and preliminary injunction mentioned hereinabove, issue herein.
“12.
“That no bond is required in the instant matter by virtue of Article No. 2753 Subsection three thereof of the Louisiana Code of Civil Procedure.”
The petition concludes with the prayer for the relief requested in the petition.
Plaintiff, Mr. Prestenback, did not file any bond, but relies on allegation numbered 12 hereinabove as the basis for the issuance of the temporary restraining order without bond. Subsection three of LSA-C.C.P. Article 2753 provides:
“The original debtor, his surviving spouse in community, heirs, legatees, and legal representatives are not required to furnish security for the is: suance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds:
íjí «{« *}•
“(3) The act evidencing the mortgage or privilege is forged, or the debtor’s signature thereto was procured by fraud, violence, or other unlawful means.”
Plaintiff has not specifically alleged that his signatures to the promissory note and chattel mortgage were forged or procured by fraud, violence, or other unlawful means. Plaintiff has only alleged that before he signed these instruments he mentioned to the salesman that “he did not know whether he could pay the large monthly installments” and “would rather not commit himself”. These statements by plaintiff could not constitute fraud by defendant. Plaintiff’s allegation that he had been assured that “If you cannot make it, let me know, and we will take it back and use it as a demonstrator model.” do not constitute fraud. Surely the plaintiff could not have understood that such a statement made meaningless the provisions of the note and chattel mortgage and that plaintiff was, because of such statement, able to discharge the debt by returning the equipment. The quoted language does not support such a conclusion. Plaintiff does not even allege that defendant informed him that the equipment could be returned at any time without further obligation on the part of plaintiff. The statement that “we will take it back” does not -mean “we will take it back without further liability on your part.”
The allegation that plaintiff did not want to do business with a finance company, and that he wanted to make his payments only to Road Equipment Company, Inc., does not support the arguments in the brief that Road Equipment Company acquiesced in this request by plaintiff, and does not allege fraud.
We are in complete accord with the findings of the trial judge that the allegations of the petition do not show fraud. As was stated in the case of Aucoin v. Marcel, La.App., 38 So.2d 81, 88, “Fraud is never presumed; it must always be alleged and proved.” The case of McGee v. Finley, La.App., 65 So.2d 384, cited by plaintiff does not favor plaintiff’s argument, for there the court held at 65 So.2d 389 that fraud was not properly alleged.
*135 Since there was no allegation of fraud in the petition, plaintiff was not entitled to the temporary restraining order prohibiting the seizure and sale without posting bond, and the judgment setting aside this restraining order was proper. Neither party has complained about the award or amount of damages awarded to Road Equipment Company, Inc. for the plaintiff having improvidently obtained the temporary restraining order.
For these reasons the judgment is affirmed.
Affirmed.