MILLER, Judge pro tem.
After the expiration of the delays for taking a suspensive appeal from the judgment which was affirmed in Prestenback v. Road Equipment Company, Inc., La.App., 143 So.2d 131, the property which had been seized under executory process was appraised and sold at sheriff’s sale for $16,-7S0.00. Road Equipment Company, Inc., filed this suit to obtain a deficiency judgment from Emmett Prestenback in the sum of $12,480.94 together with interest and 25% attorney’s fees.
In response to this petition, Prestenback filed an “Answer, Incidental Demand and Petition for Declaratory Judgment,” admitting the execution of the note, and further admitting that the sale under executory process after appraisement brought the sum of $16,750.00. Following these admissions.; Prestenback alleged that he was induced to purchase the equipment and sign the note *136 “by virtue of certain fraudulent misrepresentations made by president of Road Equipment Company, Walter H. Cory, and that said fraudulent misrepresentations are as follows, to-witThere followed essentially the identical allegations quoted in the opinion reported at 143 So.2d 131.
Road Equipment Company, Inc., filed the following exceptions:
“(1) That reconventional demand for a declaratory judgment shows no cause of action.
“(2) That the matters and things urged in compensation and reconvention have been decided by this Court and are therefore res judicata.”
Plaintiff also obtained a rule to show cause which reads in part that—
“ * * * on further suggesting to the Court that the defendant has * * now admitted certain material allegations of fact * * *, and on further suggesting to the Court that other allegations contained therein are res ad-judicata, having already been determined in a motion to dissolve the temporary restraining order in proceedings No. 21-011[1] of the docket of this Court, and that, under the pleadings now before the Court, plaintiff is entitled to judgment in its favor as prayed for:
“IT IS ORDERED by the Court that EMMETT PRESTENBACK, doing business as PRESTCO CONSTRUCTION COMPANY, Defendant herein, show cause on the 22nd day of September, 1961 at 10:00 o’clock A.M., why judgment should not be rendered on the pleadings in favor of plaintiff, as prayed for.”
After oral argument and without hearing evidence, plaintiff was granted the deficiency judgment. Defendant timely perfected this devolutive appeal.
Although written reasons were not assigned, both counsel agree that the defense of Prestenback was overruled on the exception of res judicata.
As contended by appellant it is well settled that a plea of res judicata is stricti juris and each element thereof must be established beyond all question. LSA-C.C. Art. 2286, Terrebonne v. Arabie, La.App., 132 So.2d 106, Bank of Terrebonne & Trust Company v. Marcel, La.App., 102 So.2d 539.
The judgment in the first proceeding only set aside the temporary restraining order obtained by Prestenback on the grounds that Prestenback had not filed any bond, nor had he alleged facts which would sustain the granting of a temporary restraining order without bond. There was no determination on the merits of the claims between the parties. The decision in the first case was not based on an exception of no cause of action, and we, therefore, cannot consider the contention of appellee that his plea of res judicata should be sustained because the allegations in both of Prestenback’s pleadings set forth identical facts.
Appellee relies entirely on the case of Bank of Terrebonne & Trust Company v. Marcel, La.App., 102 So.2d 539. In that case, the judgment which was held to be res judicata was a final determination on the merits of the claims between the two parties. Here the judgment which appel-lee contends is res judicata set aside a temporary restraining order for the reason that a bond was required and none was posted. There was no hearing of evidence, or determination on the merits of the claim between the parties in the judgment which is sought to be declared res judicata of the issue between the parties to this litigation.
Since the judgment setting aside the temporary restraining order was not a final determination of the merits of the claim *137 between these parties, the plea of res judicata cannot be sustained.
For these reasons, the judgment of the trial court is set aside and the case is remanded for trial. Costs of this appeal are to be paid by appellee.
Remanded.

. This judgment was affirmed in the opinion reported at 143 So.2d 131.