HALL, Judge.
The First National Bank of Lafayette brought suit against Francis I. duPont & Co. and Jack W. Savage in solido seeking to recover the sum of $26,000.00 plus interest and costs. Exceptions of no cause of action and prematurity filed by Francis I. duPont & Co. were maintained by the Trial Court and judgment was rendered dismissing plaintiff’s suit as to that company. Process never having been served on the co-defendant, Jack W. Savage, no issues with respect to him were raised or decided. Plaintiff prosecutes this appeal from the judgment dismissing its suit as to Francis I. duPont & Co.
In its petition plaintiff alleges that the defendant, Francis I. duPont & Co., is a national brokerage house maintaining an office and place of business in New Orleans where it carries on a brokerage business in stocks, bonds and other securities, and that the defendant, Jack W. Savage, was at all pertinent times, an agent and representative of duPont, employed in its New Orleans office as an “Account Executive”. The petition sets forth that among other services offered by duPont to the public and to its clients, including plaintiff, between whom there had been satisfactory dealings for some time, was the service of reporting and advising with respect to the validity, nego *399 tiability, marketability and current market values of stocks and bonds, and that duPont represented itself as being particularly knowledgable and accurate with respect to such matters and encouraged the public to rely on the information and advices it disseminated and gave upon request with respect thereto.
The petition further alleges that on or about October 2, 1965 one William N. Netterville presented himself at the plaintiff bank requesting a loan of $26,000.00, offering to secure same by pledge of a $50,-000.00 bond of Collegiate Baptist Church, due December 31, 1969; that plaintiff bank knew nothing about such bonds but Netter-ville exhibited to it a letter written on the letterhead of Francis I. duPont & Co. dated September 30, 1965 addressed to a Mr. J. Folse Roy and signed by Jack W. Savage in his capacity as “Account Executive” in which it was stated that there is a current market for Collegiate Baptist Church Bonds in Washington, D. C. and that a certain named brokerage firm there has had a continuing interest in purchasing these bonds in the 75-77 range and that the latest quotation received September 22nd was 77.
The petition further alleges that an officer of plaintiff bank telephoned du-Pont’s New Orleans office in the usual course of business for verification of the facts stated in the letter and upon being connected with Mr. Savage, its Account Executive, explained that the purpose of the call was to obtain information with respect to the validity, general marketability, and current market value of Collegiate Baptist Church Bonds maturing December 31, 1969 for the purpose of ascertaining their acceptability as collateral security for a loan in the neighborhood of $26,000.00 which plaintiff was contemplating making to Mr. Netterville. It was explained to Mr. Savage that the plaintiff bank knew nothing about said issue of bonds except that plaintiff had been shown a copy of du-Pont’s letter to Roy. The petition alleges that thereupon Savage, acting in his capacity of "Account Executive” of Francis I. duPont & Co. represented and confirmed to plaintiff that the information contained in the letter was true and correct and further represented to plaintiff that duPont customarily brokered Collegiate Baptist Church Bonds in the ordinary course of business for their clients, including Mr. Netterville, who presently was “long” $50,-000.00 of such bonds in his account with that company; that said bonds were freely marketable and were freely traded in a good, steady, and continuing market at around the price quoted in his letter; that while the most active market was in Washington, D. C., Collegiate Baptist Church Bonds were also bid and quoted on the New Orleans market through duPont’s brokerage house itself; that duPont had acted as broker for such bonds for Mr. Netterville in whose account it held “long” $50,000.00 of such bonds which it was prepared on plaintiff’s and Mr. Netterville’s instructions to negotiate and deliver to plaintiff to be pledged as collateral security on the contemplated loan.
The petition further alleges that relying upon the foregoing representations and the reputation and prestige of Francis I. du-Pont & Co. and its superior knowledge of the bonds in question, and relying upon the fact that the identical bond proposed by Mr. Netterville to be pledged as collateral security for said contemplated loan was held by duPont for transfer and negotiation and would be forwarded by duPont through the United States mails as a pledge as collateral security for such loan and relying upon the reputation and prestige of defendant and its asserted superior knowledge of the bonds in question as a securities broker dealing in and with said bonds, plaintiff did on October 2, 1965, lend the said Netterville the sum of $26,000.00 on the faith of the security of $50,000.00 face amount of Collegiate Baptist Church Bonds to be negotiated and delivered by duPont to *400 plaintiff in pledge as collateral for said loan.
The petition alleges that the aforesaid representations were made by defendants with the full knowedge of defendants that same would be relied upon by plaintiff and with the intention that same would be relied upon by plaintiff and that plaintiff did rely thereon in advancing the said sum of $26,000.00 to Netterville on the faith of the pledge of said bond as collateral security for said loan; that in due course duPont did negotiate and deliver through the United States mail a certain $50,000.00 bond of Collegiate- Baptist Church, and thereafter did continue to lull plaintiff into security and inactivity with respect to said bond by additional representations.
The petition alleges that in truth and in fact the said bond along with other bonds of the same issue was and is worthless and unmarketable and there was and is no market therefor and that said bonds were not registered with Securities and Exchange Commission as required by 15 U.S.C.A. § 77a et seq. and that dealing in same and the use of the mails in connection therewith was and is prohibited; that within two days after making said loan on the faith of duPont’s representations, plaintiff attempted to verify the existence of a market for said bond through other reputable brokerage firms who reported to plaintiff that no such market existed; that thereupon on October 18, 1965, plaintiff called the Netter-ville loan which has not yet been paid, despite repeated demand and the filing of suit thereon.
The petition further alleges that duPont in the exercise of reasonable care should have known that the representations made by it were not true and correct and that in making such representations it withheld from and/or failed to disclose to plaintiff information with respect to such bonds and their registration or lack thereof and their value and marketability, available to it on reasonable inquiry which had same been revealed to plaintiff, plaintiff would neither have accepted such bond as security, nor made the loan to Mr. Netterville secured thereby; and that as a result of plaintiff’s reliance on the representations made by duPont to its injury it is entitled to recover from defendants the amount of damage suffered by it because of the worthlessness and unmarketability of the security to wit the sum of $26,000.00, together with interest thereon at the rate of 8% per annum from October 8, 1965 until paid plus 15% attorney’s fees (i.e. the amount due on the note executed by Net-terville.)

Exception of No Cause of Action

Plaintiff avers in its petition that duPont in connection with its brokerage business offered certain information services to the public and its clients and encouraged the public to rely on its information and advice. It follows in our opinion that it owed a duty to the public and its clients to exercise due care in the performance of such services.
The other allegations of the petition show that duPont through Savage, its “Account Executive” gave certain information and made certain representations to plaintiff, one of its clients, concerning the validity, general marketability, and current value of bonds of Collegiate Baptist Church, with the knowledge that plaintiff would rely and act upon such information and representations; that the information and representations it gave plaintiff was incorrect and untrue due to negligence and lack of due care on the part of duPont; and that plaintiff suffered injury by relying and acting upon such false information and representations.
We are of the opinion that plaintiff’s petition clearly states a cause of action ex delicto against duPont, Savage’s em *401 ployer, under the doctrine of respondeat superior.

Contributory Negligence

duPont filed in this Court a separate exception of no cause of action based on contributory negligence. We find.no merit in this exception. Contributory negligence is an affirmative defense and an exception of no cause of action based on the ground that the allegations of the petition show contributory negligence on the part of plaintiff will not be maintained unless the allegations exclude every reasonable hypothesis other than that plaintiff’s own negligence was the proximate cause of his injury. See Wiltz v. Esso Standard Oil Company, La.App., 126 So.2d 649; Burmaster v. Texas-Pacific-Missouri-Pacific Terminal R.R. of New Orleans, La.App., 174 So. 135.

Exception of Prematurity

Since the amount of damages prayed for by plaintiff is a sum which equals the face amount of the Netterville note plus the interest and attorney’s fees stipulated therein duPont argues that plaintiff’s suit is premature in that the petition does not show plaintiff has exhausted the remedies available to it against Netterville, the principal obligor on the note.
In our opinion duPont’s argument goes to the quantum of plaintiff’s damage rather than the prematurity of its suit. This being an action ex delicto plaintiff’s right of action for damages occurred immediately upon commission of the delict.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered overruling the exceptions of no cause of action and prematurity filed in the Trial Court by Francis I. duPont & Co. and the supplemental exception of no cause of action filed by it in this Court, and the cause is remanded to the Trial Court for further proceedings according to law; costs of this appeal to be borne by the said Francis I. duPont & Co., all other costs to await final determination of the cause.
Reversed and rendered.