ST. PHILIP v. LUMBERMEN'S INS. CO. OF PHILADELPHIA

(November 3, 1931. Opinion and Decree.)
(November 30, 1931. Rehearing Refused.)
(January 4, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for plaintiff, appellant.

St. Clair Adams, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit on a fire insurance policy covering certain household furniture belonging to plaintiff. The amount claimed is $2,000. The suit is defended upon the ground that Frank St. Philip, plaintiff, or someone at his instigation, set fire to the premises in which the furniture was located for the fraudulent purpose of collecting the insurance.

There was judgment below in defendant's favor and plaintiff has appealed.

St. Philip was indicted in the Criminal District Court with three others under section 1 of Act 211 of 1928 and charged with arson on two counts, one alleging that he personally set fire to his residence, No. 6037-39 Iberville street, and the other that he caused the house to be burned by someone else. There were two trials, with the result that St. Philip was convicted of procuring the burning, and the other three defendants acquitted. On appeal to the Supreme Court it was held that an error of law had been committed and the verdict and sentence were set aside, whereupon the district attorney entered a nolle prosequi. In the meantime plaintiff instituted this suit in the Civil District Court and, upon the trial thereof, it was agreed that the case should be heard and determined on the record in the case of State of Louisiana v. Frank St. Philip (the criminal prosecution).

Our brother below, after considering the record submitted to him, reached the same conclusion that the jury in the criminal court had arrived at and denied recovery. From his able written reasons for judgment we excerpt the following:

"There is only one reasonable conclusion to be reached from the record, and that is that the plaintiff procured the ignition himself, as he was the only one with a sufficient motive, and the only one with a motive who had the facilities to make the preparations. There is no reasonable basis to reach any other conclusion. * * *
"Men are adjudged guilty and hanged on circumstantial evidence less convincing than the proof at bar."

Turning to the record in the criminal trial, which, by agreement of counsel, forms part of the transcript in this appeal, we find that the plaintiff, an Italian truck gardener, lived with his family in a home of his own, No. 6037-39 Iberville street; that on or about the 9th day of March, 1929, he, in company with his wife and three children, went to visit a friend of his by the name of Dimitry; arriving at the Dimitry home at 6:30 p. m., and remaining until 1:00 a. m., when they were driven home by Dimitry, and when it was discovered that their house was in flames. At least, this account is the statement of plaintiff and his family and of Dimitry and his wife, though its accuracy is not conceded by counsel for defendant. At any rate, there is no countervailing proof. The fire, however, was of short duration and, though sufficient to do considerable damage, was quickly extinguished by the firemen. An examination of the premises after the fire revealed the fact that there were a number of barrels of inflammable oil on the premises, some of which were overturned and others with the bungs removed. Excelsior and other material calculated to feed the flames, were strewn about, and one keg of oil had been placed in the attic. St. Philip and the members of his family denied any knowledge of the presence of the barrels of oil and of the excelsior, but proof that this inflammable material had been placed upon the premises before the fire is conclusive, and plaintiff's counsel frankly concedes that the fire was of incendiary origin. He strenuously insists, however, that there is no proof connecting St. Philip with the fire and that the circumstantial evidence, upon which the jury in the criminal court convicted St. Philip, is insufficient to establish his guilt even in a civil suit, where the issues are determined by a preponderance of the evidence, and certainly not sufficient in a criminal court, where one is found guilty upon evidence so strong as to exclude every reasonable hypothesis of innocence. It is not enough, say counsel, that an inference or presumption should arise from the proven facts creating suspicion. Adams v. Liverpool & L. & G. Ins. Co., 5 Orleans App. 301.

It must be conceded that there is no direct testimony in the record connecting St. Philip with the burning of his home, the evidence being entirely circumstantial, but we believe that, such as it is, it is sufficient to create a presumption so strong as to exclude any other reasonable hypothesis. The statement of St. Philip, corroborated by the other members of his family, to the effect that he locked his home at 6 p. m. of the evening of the fire, and that at that time there were no combustible materials such as were found after the fire, which occurred some six hours later, if true, means that someone during that interval put the oil and excelsior in the house in order to burn it down. If this was done by a stranger, as St. Philip would have us believe, it would have been necessary for him to get his oil barrels and excelsior together and to wait until an opportunity should arise to plant them in the home in the absence of St. Philip and his family. But since there is a reason for all things, including the conduct of human beings, why would anyone take the trouble and assume the risk involved in the destruction of the home of an humble Italian truck farmer, without rhyme or reason? Perhaps, if it had been shown that St. Philip had an enemy of a violent and criminal disposition, imbued with an irresistible desire to do him injury and wreak vendetta vengeance for a real or fancied wrong, the finger of suspicion might have been pointed in that direction with such emphasis as to unsettle the irresistible conviction of plaintiff's guilt, which the record compels. But there is

nothing of that kind in the testimony. On the contrary, the plaintiff is shown to have been a mild, peace-loving, quiet man of family and to have borne a good reputation and to have enjoyed the respect and good will of his neighbors.

Of course, it is possible that he was the victim of circumstances, and, however unlikely it may seem, someone unknown to him, acting independently and for some purpose of his own, may have started the fire. If such be the case, a grave injustice will have been done plaintiff, in his personal and property rights, and his good name will have been tarnished by the stigma of undeserved pollution. We have no doubt that instances have occurred in the past and will recur in the future, wherein the reliance upon circumstantial evidence has resulted in even greater and more grievous error. All judicial systems, being human, are imperfect, and their operation must inevitably result in certain vicarious sacrifices. All a court of justice can do is to hew to the line of correct judicial procedure and let the chips fall where they may.

Our conclusion is that, in view of the verdict of the jury in the criminal trial and the finding of our brother below upon the record and the testimony adduced in that court, together with our independent examination, no other result can be reached than that the plaintiff in this case was guilty, either directly or indirectly, of the incendiarism conceded to have been the cause of the fire which destroyed the property, for the value of which this suit is brought. The suggestion that a pyromaniac might have been responsible finds no support in the record, as there is nothing to indicate the presence of such a rare individual in the vicinity.

For the reasons assigned the judgment appealed from is affirmed.