PICKETT, Judge.
This action was instituted to recover the face value of a fire insurance policy, together with interest, penalties and attorney’s fees. The policy was issued by The Central National Insurance Company of Omaha, Nebraska, on August 1, 1962, insuring plaintiff against the loss of his residence and its contents. The policy provided for $13,500 for the loss of the dwelling and $5,400 for loss of its contents. *661 The plaintiff alleged the total loss of the dwelling and its contents by fire on or about July 12, 1964.
The defendant resists the demands, on several grounds, but principally alleges that the fire was of incendiary origin which was traceable to plaintiff and/or his agents and representatives.
After a trial on the merits the lower court rendered a judgment in favor of the plaintiff for the sum of $16,200.00, together with legal interest from judicial demand until paid. The reasons for the judgment which was rendered by the Honorable Frederick S. Ellis, District Judge, was signed September 16, 1966. But the judgment signed by Judge Ellis September 30, 1966 is for the sum of $8,716.78, together with legal interest from judicial demand until paid, and all costs of suit. The reduction in the amount of the formal judgment from the amount set forth in the reasons for judgment resulted from an alleged agreement by and between counsel for plaintiff and counsel for defendant to allow a set off of the judgment in the sum of $7,483.22 because of the payment by defendant of that sum to the holder of a mortgage note against the insured property, which note had been assigned to defendant. In the meantime the defendant had instituted executory proceedings on the mortgage note which it had acquired; and the compromise agreement contemplated the dismissal of the executory process suit. Thereafter, the defendant filed a motion for a new trial; but the application for a new trial was not decided by Judge Ellis prior to his vacating the office in order to take his seat as a member of the Court of Appeal, First Circuit. When the matter was presented to the Honorable Wallace A. Edwards, who succeeded Judge Ellis, he denied the motion for a new trial and signed a judgment to that effect May 29, 1968. The defendant has appealed both suspensively and devolutively. The plaintiff has answered the appeal.
As pointed out by the Trial Judge, in a suit of this nature the law applicable is found in Sumrall v. Providence Washington Insurance Company, 221 La. 633, 60 So.2d 68, in which the court said:
“Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. It is well settled that the insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire.”
The Sumrall case was cited with approval in Wells v. Twin City Fire Insurance Company, 239 La. 662, 119 So.2d 501, in which the Supreme Court said:
“Plaintiff and the defendants agree, as is shown by the briefs of their respective counsel that the law governing cases of this nature is correctly enunciated in Sumrall v. Providence Washington Insurance Company, 221 La. 633, 60 So.2d 68, 69, as follows: ‘Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. It is well settled that the insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire. (Here numerous cases are cited.) Accordingly, the questions presented in matters of this sort are answered by the particular facts of the controversy. * * *’ (Italics ours.)
*662 Applicable here also are the following-observations contained in Barbari v. Firemen’s Insurance Company, 107 So.2d 480, 485 (a case decided by the Court of Appeal of the First Circuit and in which a writ of review, applied for by the defendant insurance companies, was denied by this court), to-wit: ‘It would appear that mere suspicion is not sufficient to show that a fire was of incendiary origin, the facts from which inference or presumption are drawn, must be established in evidence and the inference or presumption to which these proven facts give rise, must be strong and almost inevitable. They must be weighty, precise and consistent.’ ”
Therefore, the first issue we must determine is whether the evidence shows that the fire was of incendiary origin, and, if so, was the plaintiff responsible for it. On the issue of the incendiary origin of the fire, the Trial Judge said:
“There can be no doubt that the fire was of incendiary origin. There is no testimony in the record to contradict the various experts who testified to that effect.”
After a careful examination of the evidence we agree with the finding of the Trial Judge that the fire was of incendiary origin. The various experts who testified concerning the origin of the fire related facts which supported their opinions concerning the origin of the fire. Furthermore, there is no evidence which contradicts the evidence of the experts.
The next issue is to determine whether the plaintiff was responsible for the fire. In Rudison v. Michigan Millers Mutual Insurance Company, La.App., 152 So.2d 407, this court said:
“Upon proof of the incendiary nature of the fire and Plaintiff’s motive and capability to set the fire, a presumption is established in favor of Defendants the fire was in fact set by Plaintiff or at his procurement requiring convincing evidence on his part he was not to blame.”
In his written reasons for judgment, the Trial Judge, commenting on the evidence relative to plaintiff’s motive for destroying the building and its contents by fire, the Trial Judge said:
“In order to show the motive of plaintiff for destroying the building by fire, the defendant attempted to show that he was in financial difficulties. It was shown that in 1964, Mr. Stevenson had mortgages on properties in Bogalusa, and Athens, Tennessee, totaling more than $25,000.00. However, Mr. Stevenson testified that he was not being pressed for payment on any of these various obligations at the time.
There is no evidence to show the whereabouts of the plaintiff on the night of the fire, except that, on that night, he was not in Athens, Tennessee. His mother told someone who called there looking for him that he was in Knoxville. Mr. Stevenson himself testified on deposition that he was in Athens, and, on the trial of the case, that he was in Etowah, Tennessee, a town nine miles from Athens. There are many other bits of evidence brought out on the trial of the case, and a great deal of doubt thrown on the veracity of almost all of the witnesses in a number of respects. Some evidence of remarks made by Lola Stevenson, plaintiff’s wife, to the effect that plaintiff was planning to burn the house down, and, after the fire, to the effect that he had burned the house down, is in the record. However this is hearsay evidence and was probably objected to when it was brought out, and can not be considered by the Court. In addition, she denied under oath having made such statements.”
It cannot be denied that a careful examination of all the evidence shows that the circumstances surrounding the fire are highly suspicious, but proof leading to a suspicion is not enough. The Trial Judge, who heard the witnesses, and observed their demeanor while testifying, concluded *663 that the defendant has not shown by a preponderance of the evidence either the motive or the opportunity to have set the fire. We cannot say that the Trial Judge in so holding, committed manifest error.
With reference to quantum, we find the plaintiff proved the dwelling was a total loss. The plaintiff testified the building was a total loss, and that at the insistence of the City Fire Chief he hauled the remains of the building away and cleaned up the lot. G. H. Rawls, Sr., who had a mortgage on the property, said he would not, as a prudent investor, have repaired the property. John A. Kennedy, an arson expert, said the residence was a complete loss. On the other hand, Clyde Seal, the owner and manager of the Seal Lumber Company, said he could have repaired the dwelling for $9,275.05. However, his evidence is inconclusive that he could have restored the dwelling to its original condition. Taking all of the evidence into consideration, we conclude the dwelling was a total loss.
Under the terms of the policy of insurance plaintiff’s dwelling was insured for $13,500. LSA-R.S. 22:695, subd. A, provides :
“Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o’clock noon, Central Standard Time, on the first day of August, 1952, on any inanimate property, immovable by nature or destination, situated within the state of Louisiana, the insurer shall pay to the insured, in case of total destruction, without criminal fault on the part of the insured or the insured’s assigns the total amount for which the property is insured, at the time of such total destruction, in the policy of such insurer.”
In Harvey v. General Guaranty Insurance Company, 201 So.2d 689, in applying the above cited statute, the Court of Appeal, Third Circuit, said:
“Under this law, the insurer may not go behind the policy and show that the insured’s interest is worth' less than the face amount of the policy.” Also, see Creel v. Audubon Insurance Company, 128 So.2d 284, La.App. 1 Cir., 1961.
Therefore, based on the terms of the insurance policy and the applicable law and jurisprudence, the plaintiff is entitled to an award in the sum of $13,500 for the loss of his dwelling house. A careful examination of the evidence fails to show that the award by the lower court of $2,700 for the loss of unscheduled personal property was either excessive or inadequate. Hence, the plaintiff should have judgment in the full sum of $16,200.
The evidence shows that G. H. Rawls, Sr., held a mortgage against the insured premises. The policy contains a loss payable clause in favor of G. H. Rawls, Sr. The defendant paid the mortgagee the sum of $7,483.22, the amount due on the mortgage note; and the note was assigned to defendant. The defendant’s defense of arson was not available to it with respect to the mortgagee’s claim. Counsel for plaintiff points out that when the formal judgment was presented for signature, a discussion was had by counsel and the district judge concerning the payment to the mortgagee by defendant. He states it was agreed that the payment made by defendant to the mortgagee was to be applied as a credit on the judgment and the judgment reduced accordingly and the mortgage note cancelled. The prepared judgment was altered in pen and ink according to that agreement, so that it was reduced to the sum of $8,716.78.
We have held that defendant is indebted to plaintiff in the sum of $16,200. But the defendant has paid the mortgagee the sum of $7,483.22 which inured to the benefit of plaintiff. We believe, however, that this amount should be allowed as an offset or credit to recover from defendant. After deducting the credit or offset of $7,483.22 for which defendant is entitled to credit, we find that plaintiff is entitled to recover from the defendant the balance in the sum *664 of $8,716.78. Furthermore, we do not believe the defendant was arbitrary or capricious in its refusal to pay plaintiff; and therefore it should not be taxed with penalties and attorney’s fees.
For the reasons herein set out, the judgment appealed from is amended and recast to read as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, Luther Harold Stevenson, and against the defendant, The Central National Insurance Company of Omaha, Nebraska, for the full sum of $16,200, less the sum of $7,483.22 paid by defendant to the mortgagee, G. H. Rawls, Sr., under the terms of the loss payable clause of the insurance policy issued by defendant, with legal interest thereon from judicial demand until paid, and all costs.”
In all other respects, and as thus amended and recast, the judgment appealed from is affirmed.
Amended and affirmed.