552 So.2d 1377 (1989)
Gordon E. CHRISTENSEN
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 89-CA-355.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
Rehearing Denied December 18, 1989.
Kenneth C. Fonte, Golden & Fonte, Metairie, for plaintiff-appellant.
*1378 C. Gordon Johnson, Jr., Fred M. Trowbridge, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant-appellee.
Before GAUDIN, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This appeal arises from a jury trial in which judgment was rendered in favor of the defendant-insurer rejecting the plaintiff's demands for fire insurance proceeds based on the defense of arson. We affirm.
ISSUES
We are presented with two basic questions:
(1) Whether the jury erred in its finding that the defendant sustained its burden of proof of the affirmative defense of arson, and
(2) Whether the trial court committed reversible error in refusing to give a jury instruction requested by the plaintiff.
FACTS
The plaintiff, Gordon E. Christensen, parked his car in the parking lot of Glitters Lounge in Slidell, Louisiana. Thereafter, the car was damaged by fire which originated in the engine compartment. The fire was suppressed by the St. Tammany Fire Protection District, which later investigated the fire and its cause and concluded that the fire was not accidental. The car was insured by the defendant, State Farm Mutual Automobile Insurance Company (State Farm). The coverage included accidental loss of or damage caused by fire. State Farm, after investigation, denied coverage on the grounds of arson. The matter was decided during a three-day jury trial. The jury returned a 10 to 2 verdict in favor of the defendant, finding that the fire which caused damage to the plaintiff's car was deliberately caused by or at the direction of the plaintiff.
LAW
The Louisiana Supreme Court set forth our standard of review in Sumrall v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68 (1952), wherein the court stated:
Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. It is well settled that the insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire.
Id. 60 So.2d at 69.
Of recent vintage, the Louisiana Supreme Court reaffirmed the traditional "preponderance of the evidence" standard for proving the defense of arson even where the proof is strictly circumstantial. See Rist v. Commercial Union Ins. Co., 376 So.2d 113 (La.1979). Therein, the court noted:
By raising the affirmative defense of arson, the insurer has the burden of establishing, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. An insurer need not prove its case beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense.
Id. at 113. Additionally, the court set forth the formulation of Sumrall regarding circumstantial evidence and observed that "questions presented in matters of this sort are answered by the particular facts of the controversy." Id. at 114. Where circumstantial evidence is relied upon, the facts, "[t]aken as a whole ... must exclude other reasonable hypotheses with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes." See Naquin v. Marquette Casualty *1379 Co., 244 La. 569, 153 So.2d 395, 397 (1963) (emphasis in the original).
ANALYSISISSUE ONE
In addressing the initial question, our jurisprudence mandates that we determine whether State Farm established by a preponderance of the evidence, either direct or circumstantial, that (1) the fire in question was of incendiary origin and (2) plaintiff was responsible for it. The record shows that State Farm presented uncontroverted testimony and evidence establishing the incendiary origin of the fire, which we suspect is not seriously contested in this appeal. Ergo, the record clearly supports the conclusion that "more probable than not" the fire was of incendiary origin.
Therefore, we turn to the more critical question of determining whether State Farm proved that the plaintiff was responsible for the fire. At this point, we recognize a distinct observation from our jurisprudential experience, that the very act of arson necessitates an environment where there are no witnesses and little direct evidence pointing toward the responsible party. Ergo, the finder of fact is usually forced to rely heavily on circumstantial evidence. See Childs v. Zurich Am. Ins. Co., 476 So.2d 403, 409 (La.App. 2d Cir.1985), writ denied, 479 So.2d 920 (La.1985), and Rudison v. Michigan Millers Mutual Ins. Co., 152 So.2d 407, 410 (La.App. 1st Cir. 1963). Additionally, we must be aware of the logistics of the burdens of proof, namely that
Upon proof of the incendiary nature of the fire and the Plaintiff's motive and capability to set the fire, a presumption is established in favor of Defendants the fire was in fact set by Plaintiff or at his procurement requiring convincing evidence on his part he was not to blame.
Rudison, supra, at 410 (emphasis added).
After a careful review of the record as a whole and without repeating vast sections of the deposition or trial testimony, we find that State Farm established by a preponderance of the evidence that plaintiff was indeed the responsible party. The testimony suggests that the plaintiff had a motive for destroying his car, i.e., he could settle his claim with State Farm and use the proceeds to pay off his present and future debts. Moreover, he had the opportunity to set the fire to his car. Why? He was familiar with engine mechanics and was likely to have known that a hole in the fuel pump could cause such a fire. Furthermore, the very res gestae of the fire demonstrates that the plaintiff was alone that night, knew no one at the lounge, and heard no one in the parking lot so he knew there would be no witnesses. Additionally, we note that the plaintiff did not call any witnesses to corroborate his testimony. He simply relied on his own testimony at trial in conjunction with his previous deposition.
In the final analysis, we think the jury had a reasonable factual basis for concluding that no other reasonable hypothesis was presented other than that the plaintiff was responsible for the fire. It is well-settled that the factual findings of the jury, particularly those based on evaluations of credibility, should not, and, in this matter, will not, be reversed on appeal, unless clearly wrong, and we find no manifest error. See Stevens v. Allstate Ins. Co., 428 So.2d 834, 835 (La.App. 5th Cir.1983), writ denied, 434 So.2d 1098 (La.1983).
ISSUE TWO
La.C.C.P. art. 1793(C) provides:
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. If he objects prior to the time the jury retires, he shall be given an opportunity to make the objection out of the hearing of the jury.
(Emphasis added.) Clearly, in order to preserve the right to appeal from the failure to give requested instructions or the giving of an improper instruction, a litigant adversely *1380 affected must state specifically the matter which he finds objectionable and the grounds for his objection. Bechtel v. Entringer Bakeries, Inc., 422 So.2d 1299 (La. App. 5th Cir.1982); Watts v. Aetna Casualty & Surety Co., 309 So.2d 402 (La.App. 2d Cir.1975), writs refused, 313 So.2d 601 (La.1975). The record clearly shows that the plaintiff, although timely objecting to the trial court's refusal to give the instruction, failed to state the grounds for his objection as required. Accordingly, under the clear and unambiguous provisions of our statutory law, he waived his right. Ergo, we need not address this assignment of error.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.