United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-31167

_____

WILSON W. WILSON,
appearing in his capacity as the curator
of the interdict,

Plaintiff-Appellee,

versus

STATE FARM FIRE AND CASUALTY INSURANCE CO.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:96-CV-3345

_____

Before GARWOOD, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

I.   BACKGROUND

This case involves Plaintiff-Appellee Wilson's allegation that

Defendant-Appellant State Farm Fire and Casualty Company ("State

Farm") failed to pay an insurance claim owed to an insured

homeowner, Christel Fontenot, when her house was destroyed in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fire. On Monday, July 17, 1995, a fire caused substantial damage to the dwelling owned in community by Christel Fontenot and her husband Martin Fontenot. The house, located in Baton Rouge, was insured by State Farm. At the time of the fire, Martin and Christel Fontenot had been married for approximately twenty-nine years and had owned the house for seventeen years.

About ten years before the fire, doctors diagnosed Christel Fontenot with a bipolar disorder, which involves alternating periods of depression and manic behavior. State Farm alleges that Christel Fontenot's mental illness interrupted her work as a teacher for two years. Moreover, the malady allegedly induced her to neglect her children and to engage in a pattern of excessive spending which she could not afford. Martin Fontenot claims that because he could not persuade his wife to comply with a drug therapy regimen that would stabilize her mental health, he made the decision to end his marriage. Consequently, on July 7, 1995, ten days before the fire, he packed his belongings, moved out of the home, and stated that he would be filing for a divorce.

Although it is undisputed that Christel Fontenot was not properly served with divorce papers until after the fire, trial testimony suggests that after Martin Fontenot moved out of the home Christel Fontenot began burning paper in the back yard, an activity that she had not engaged in previously. Additionally, Christel Fontenot began parking in the driveway or on the street in front of the house as opposed to her normal place in the garage, purportedly

because there was too much gasoline in the garage.

On the day before the fire, Martin Fontenot took three of his sons on a trip to Houston, Texas, leaving Christel Fontenot alone in the house. After the children departed with their father, Christel Fontenot began ripping out the carpet in the master bedroom of the house. On Monday, the day of the fire, she continued to remove strips of carpet from the home. Additionally, Christel Fontenot spread newspaper throughout the house, taping it to the walls and stuffing it under doors in some instances. Although Christel Fontenot claims that she spread the newspaper in order to inhibit the spread of dust following the removal of the carpet in the master bedroom, newspaper was spread beyond the bedroom's vicinity.

Before departing the residence on the evening of the fire, Christel Fontenot removed framed and loose photographs from the walls of the home, packed two of her three jewelry boxes, and packed a box with numerous personal, family, and work-related documents. Fontenot locked the house and departed a few minutes before the fire was reported to 911. The Baton Rouge Fire Department received the report of the fire at 6:36 p.m. Although she alleges that when she left her home, she was going to visit friends in Destrehan, Louisiana, Christel Fontenot never reached Destrehan. Instead, she checked into a Baton Rouge motel.

Initially, under sworn testimony, Fontenot stated that she left her home around noon. However, she later recanted. There is

-3-

testimony from two separate individuals who had conversations with her only minutes before she actually left the house after 6:00 p.m. One of those individuals, Arthur Fabre, a neighbor of the Fontenot family was the last person on the family's property. He had been asked by Martin Fontenot to feed the horses on the property, and noticed that Christel Fontenot's car was gone when he finished his task. A few minutes after departing from the Fontenot family land, while standing outside with a friend, Fabre noticed that the Fontenot family's residence was on fire and called 911. He also attempted to extinguish the flames with a garden hose.

Upon arriving at the scene of the fire, firefighters found that the home had been locked and secured. There were no signs of forced entry. Martin Fontenot, Christel Fontenot, and their kids were the only individuals with keys to the house. Firefighters also noticed that the fire started in the master bedroom closet.

At the conclusion of State Farm's investigation, it decided to deny the Fontenot family's claim under their insurance policy. However, State Farm separately settled with Martin Fontenot after the claim was denied, and paid him the full amount for his interest in the destroyed property and for that of his children. State Farm's management decided to settle with Martin Fontenot because there was no evidence that Martin Fontenot was involved in causing the loss. Christel Fontenot, on the other hand, was not paid any of her claim against State Farm notwithstanding her claim that she did not start the fire.

-4-

On May 23, 1998, the district court conducted a non-jury trial. On March 28, 2003, the district court entered judgment in favor of Plaintiff-Appellee, and against State Farm. State Farm timely filed a notice of appeal. On appeal, this Court determined that (1) the district court failed to assign any written reasons for its ruling in violation of Federal Rule of Civil Procedure 52(a); (2) the district court committed reversible error when it, *sua sponte*, excluded the testimony of Christel Fontenot by finding her to be incompetent to testify; and (3) the evidence in the record did not support the court's judgment. On October 13, 2004, the trial resumed with the parties stipulating that the entire record of the first trial would carry over. The only additional evidence added to the record was the trial testimony of Christel Fontenot. Following that testimony, the district court, again, rendered judgment in favor of Plaintiff-Appellee, and against State Farm. The district court, this time, gave oral reasons for its judgment. On November 4, 2004, State Farm timely filed a Notice of Appeal.

II.  STANDARD OF REVIEW

This court reviews a district court's conclusions of law *de novo* and its findings of fact for clear error. *Rimade Ltd. v. Hubbard Enter., Inc.*, 388 F.3d 138, 142-43 (5th Cir. 2004) (citing *Joslyn Mfg. Co. v. Koppers Co.*, 40 F.3d 750, 753 (5th Cir. 1994)). We will only reverse a finding of fact if, notwithstanding evidence to support it, we are left with a "definite and firm conviction"

that a mistake has been made. *Justiss Oil Co., Inc. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1062 (5th Cir. 1996). However, when a finding of fact is premised on an improper legal standard, it loses the insulation of the clearly erroneous rule. *Maritrend, Inc. v. Serac & Co. (Shipping) Ltd.*, 348 F.3d 469, 470 (5th Cir. 2003).

III. DISCUSSION

State Farm makes three main claims: (1) the finding for Plaintiff-Appellee was clearly erroneous because Defendant-Appellant submitted sufficient evidence to succeed on its arson defense; (2) after State Farm met its initial burden with regard to its arson defense, the district court should have switched the burden of proof to Plaintiff-Appellee to offer reasonable proof to exonerate herself; and (3) at trial, Defendant-Appellant proved that Fontenot made knowing material misrepresentations of fact concerning her actions, thus voiding the insurance policy. Because we determine that the trial evidence presented by State Farm preponderates in favor of State Farm in such a convincing manner that a finding for Plaintiff-Appellee would be clearly erroneous, we reverse the district court's judgement, and render judgment for State Farm.

First, State Farm claims that the district court erred in finding that it failed to carry its burden of proof to succeed on its arson defense to policy coverage. Under Louisiana law,[1] to

---

[1] Because this case falls within federal diversity jurisdiction, we must apply Louisiana law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

sustain the defense of incendiarism, insurers bear the burden of proving the defense by a preponderance of the evidence--unlike in criminal cases where the State must prove the guilt of an arsonist beyond a reasonable doubt. *Sumrall v. Providence Washington Ins. Co.*, 60 So. 2d 68, 69 (La. 1952). Recognizing that in most cases the only evidence of arson is circumstantial due to the fact that perpetrators of incendiarism do not engage in such activity notoriously, the Louisiana Supreme Court has repeatedly stated that:

> Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. It is well settled that the insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire.

*Id.*; *Rist v. Commercial Union Ins. Co.*, 376 So. 2d 113, 113-14 (La. 1979). Hence, under *Sumrall*, the preponderance of the evidence standard is the appropriate standard for considering whether or not a defendant has met its burden of proving an arson defense. As an evidentiary matter, "[m]otive plus the incendiary origin of the fire [will], in the absence of believable rebuttal evidence, be sufficient to sustain the affirmative defense pleaded by the insurer." *Sumrall*, 60 So. 2d at 70 (citations omitted).

Some Louisiana appellate courts have, however, construed *Sumrall* to mean that, in cases depending solely on circumstantial proof, the evidence must be so convincing that it will sustain no other reasonable hypothesis but that the plaintiff was responsible for the fire. *Christensen v. State Farm Mut. Auto. Ins. Co.*, 552 So. 2d 1377, 1378-79 (La. Ct. App. 5th Cir. 1989) (citation omitted) ("Where circumstantial evidence is relied upon, the facts, "[t]aken as a whole ... must exclude other reasonable hypotheses with a fair amount of certainty."); *Wallace v. State Farm Fire & Cas. Ins. Co.*, 345 So. 2d 1004, 1006-07 (La. Ct. App. 3d Cir. 1977) ("When proof is circumstantial, the evidence must be so convincing that it will sustain no other reasonable hypothesis but that plaintiff was responsible for the fire."); *see also Baghramain v. MFA Mut. Ins. Co.*, 315 So. 2d 849, 851 (La. Ct. App. 3d Cir. 1975).

It is this more rigorous standard that the district court seemed to apply in the case at hand. In finding that State Farm did not meet its burden, the court wrote:

> I threw out Fabre not to say that he did it or anything like that, but to say that there are reasonable explanations for what happened other than that Mrs. Christel Fontenot did it. And another possible explanation that the court cannot ignore is the fact that Martin Fontenot was only four hours away from Baton Rouge in Houston.... Again, that's not to say Martin Fontenot started the fire, but that is to say that the evidence that Christel Fontenot was the cause of the fire does not- the evidence that she caused it does not exclude- the circumstantial evidence that she caused the fire does not exclude the

> reasonable possibility that it was started by someone else. Fabre and Martin Fontenot being just two reasonable possibilities.

Hence, the district court subscribed to the notion that in order to prevail on its arson defense, State Farm had to exclude all other reasonable causes of the fire.

There is an obvious tension between the two articulations of the standard of proof insurers asserting the defense of arson must meet. In *Viviano v. Travelers Insurance Company*, 533 F. Supp. 1 (E.D. La. 1981), the district court addressed this very issue. There, the court chose to adhere to the preponderance of evidence standard alone. *Id.* at 7. First, the court reasoned that "the preponderance of the evidence requirement bears the imprimatur of the ultimate construer of Louisiana law," the Louisiana Supreme Court. *Id.*

Next, the court explained that the "no other reasonable hypothesis standard" seems to have grown out of a misunderstanding of the holding of *Sumrall*. *Id.* In *Sumrall*, the facts of that particular case were such that the evidence would sustain no other reasonable hypothesis than that the claimant started the fire. *Id.* However, there was no holding that the defendant *must* exclude other reasonable possibilities in order to prevail on its arson defense. Rather, the *Sumrall* court emphasized that, in cases relying primarily on circumstantial evidence, a finding for the defendant is *warranted* where the evidence is so strong that it will sustain

no other reasonable hypothesis but that the claimant started the fire. *Sumrall*, 60 So. 2d at 69; *see also Viviano*, 533 F. Supp. at 7. Hence, in *Viviano*, the court held that in order to meet the burden of proof regarding an arson defense, the evidence need only preponderate in favor of the defense. *Viviano*, 533 F. Supp. at 7.

We approve of the *Viviano* court's interpretation of Louisiana law and apply the preponderance of the evidence requirement as the proper standard of proof an insurer must meet in order to sustain an arson defense. State Farm not only met this initial burden to sustain its arson defense; but because the circumstantial evidence is so strong, we find that State Farm has also convincingly proven that there are no other reasonable explanations for the fire notwithstanding Christel Fontenot's testimony that she did not start the fire. It is undisputed that the fire was of incendiary origin. Additionally, Christel Fontenot, the only individual with a key to the house in Baton Rouge, left the house only minutes before the fire was discovered. Christel Fontenot's financial pressures and the impending divorce serve as evidence of motive. Moreover, Fontenot's removal of jewelry, family photographs, and important documents just before the fire are also probative of the fact that she caused the loss. Together, this circumstantial evidence preponderates in favor of the defendant in such a way that a finding for Plaintiff-Appellee, irrespective of the standard used, would be clearly erroneous. The hypothetical reasonable alternatives

proffered by the district court find no evidentiary support in the record. Furthermore, a review of the record suggest no other reasonable alternatives in addition to the ones proposed by the district court. Consequently, we reverse the district court's judgement, and render judgment for State Farm. *See Sumrall*, 60 So. 2d at 71.[2] Because we reverse the district court's judgment based on the arson defense, we do not reach State Farm's other arguments.

REVERSED and RENDERED.

GARWOOD, Circuit Judge, dissenting in part:

The trial court's judgment is based on the legally erroneous premise that State Farm's defense of arson required it to eliminate all reasonable possibilities other than the plaintiff's arson. I would accordingly reverse. Given plaintiff's testimony, implausible though it is, – which the trial court may or may not have credited – I would not now render.

---

[2] In light of the fact that this is our second occasion to correct the district court's errors and because any finding for Plaintiff-Appellee would be clearly erroneous, the interests of judicial economy would best be served by not sending this case back to the district court, notwithstanding Plaintiff-Appellee's claim that she did not start the fire.